UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**PHILLIP JEAN-LAURENT,**

**Plaintiff,**

**-v-**                                    **9:11-CV-186  (NAM/TWD)**

**C.O. LANE; C.O. BRIGGS; C.O. TYNDALL; JOHN
DOE #1; JOHN DOE #2; SGT. BEARD; SGT. PAWLIN;
LT. JONES; DSS McAULIFFE; DR. MOEHS; DR. JOHN
DOE; JANE DOE; SUPT. BARKLEY; SUPT. HULIHAN;
DEP. COMM. LINDQUIST; NORMAN BEZIO,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Phillip Jean-Laurent
P.O. Box 200016
South Ozone Park, New York 11420
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Gregory J. Rodriguez, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* inmate civil rights action, after defendants' dismissal motion was granted in

part and denied in part (see Dkt. No. 32, adopting Report and Recommendation, Dkt. No. 31),

plaintiff filed an amended complaint (Dkt. No. 46).  On April 30, 2014, upon screening the

amended complaint, United States Magistrate Judge Terèse Wiley Dancks issued a Report-

Recommendation and Order (Dkt. No. 50) recommending that the amended complaint be

dismissed in part pursuant to 28 U.S.C. § 1915(e)(2) and that this Court direct the remaining

defendants to respond to the remaining claims therein.  Plaintiff objects (Dkt. No. 53) to one

aspect of the April 30, 2014 Report-Recommendation and Order, specifically the recommendation

that his First Amendment claim for denial of access to court be dismissed.  Pursuant to 28 U.S.C.

§ 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a

party specifically objects.  Failure to object to any portion of a report and recommendation waives

further judicial review of the matters therein.  *See Mario v. P & C Food Mkts., Inc*., 313 F.3d 758,

766 (2d Cir.2002).

Plaintiff's denial-of-access claims in Causes of Action V, VI, and VII are based on

allegations that Corrections Officers Allen Briggs, Seth Tyndall, and Sgt. David Pawlin prevented

plaintiff from petitioning the Second Circuit to rehear its December 7, 2007 dismissal (07-3428-

pr) of plaintiff's appeal from the decision of District Judge Raymond J. Dearie dismissing the

complaint in *Jean-Laurent v. Stewart* (05-CV-3323, E.D.N.Y. Oct. 31, 2005).  The Court adopts

Magistrate Judge Dancks' recitation of the facts and applicable law and does not repeat it here.

Upon *de novo* review of plaintiff's claim of denial of access to the courts, this Court agrees with

Magistrate Judge Dancks' analysis and conclusion.  "To succeed on an access-to-court claim, a

plaintiff must demonstrate 'actual injury' by proving that the denial of access 'hindered his

efforts' to pursue a non-frivolous legal claim."  *Whitfield v. Imperatrice*, 477 Fed.Appx. 806, 808

(2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 349, 351–53 (1996)).  Here, even accepting

plaintiff's allegations that Briggs, Tyndall, and Pawlin wrongfully prevented him from pursuing

his motion for a rehearing before the Second Circuit, the rehearing motion plainly lacked merit

because the underlying claim lacked merit.  *See Edem v. Spitzer*, 204 Fed.Appx. 95 (2d Cir. 2006)

(citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 86-87 (2d Cir. 2005)). Accordingly, as a matter of law, the alleged conduct did not hinder plaintiff's efforts to pursue a non-frivolous claim. Having reviewed the access-to-courts issue *de novo* and the remaining issues for plain error, the Court accepts the Report and Recommendation in its entirety.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 50) is accepted and adopted; and it is further

ORDERED that the amended complaint (Dkt. No. 46) is accepted for filing as the operative pleading in the action; and it is further

ORDERED that Causes of Action V, VI, and VII, asserting First Amendment claims for denial of access to court against defendants C.O. Briggs; C.O. Tyndall, and Sgt. Pawlin, are dismissed without leave to amend; and it is further

ORDERED that Causes of Action XIII, XIV, and XV, asserting Fourteenth Amendment claims for denial of due process arising out of the draft storage bags misbehavior report, hearing, appeal, and punishment, against defendants C.O. Lane, Sgt. Beard, Lt. Jones, and DSS McAuliffe, are dismissed without leave to amend; and it is further

ORDERED that the Clerk is directed to terminate defendants C.O. Briggs; C.O. Tyndall, and Lt. Jones from this action, without leave to amend; and it is further

ORDERED that defendants C.O. Lane, Sgt. Beard, Sgt. Pawlin, DSS McAuliffe, Dr. Moehs, Supt. Barkley, Supt. Hulihan, Dep. Comm. Lindquist, and Norman Bezio are directed to respond to the remaining claims in the amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York, and to serve plaintiff by regular mail and certified mail, return receipt requested.

IT IS SO ORDERED.

Date:   October 20, 2014
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge