UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**PHILLIP JEAN-LAURENT,**

**Plaintiff,**

**-v-**                                          **9:11-CV-186  (NAM/TWD)**

**C.O. LANE; C.O. BRIGGS; C.O. TYNDALL;
JOHN DOE #1; JOHN DOE #2; SGT. BEARD;
SGT. PAWLIN; LT. JONES; DSS McAULIFFE;
DR. MOEHS; DR. JOHN  DOE; JANE DOE;
SUPT. BARKLEY; SUPT. HULIHAN; DEP.
COMM. LINDQUIST; NORMAN BEZIO,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Phillip Jean-Laurent
P.O. Box 200016
South Ozone Park, New York 11420
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Gregory J. Rodriguez, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

In this *pro se* civil rights action, plaintiff, formerly an inmate in the custody of the New

York State Department of Corrections and Community Supervision, has filed a letter (Dkt. No.

109) requesting the Court to vacate its Order and Judgment (Dkt. Nos. 106, 107), which adopted the Report and Recommendation of United States Magistrate Judge Thérèse Wiley Dancks (Dkt. No. 105) and granted defendants' motion (Dkt. No. 88) for summary judgment dismissing the case.

On August 18, 2016, the Clerk's Office served Magistrate Judge Dancks' Report and Recommendation on plaintiff by both regular and certified mail (Dkt. No. 105).  On September 13, 2016, having received no objection to the Report and Recommendation, and having reviewed the record, this Court adopted the Report and Recommendation and issued the Order and Judgment granting summary judgment.

On September 19, 2016, the United States Postal Service returned to the Clerk's Office the certified mail envelope in which the Report and Recommendation had been mailed to plaintiff. The envelope bore the notation: "Return to Sender, Unclaimed, Unable to Forward."  (Dkt. No. 108).  The copy of the Report and Recommendation sent by regular mail was not returned to the Clerk's Office.

Due to plaintiff's *pro se* status, the Court treats his letter as a motion for relief from the Judgment under Federal Rules of Civil Procedure Rule 60(b).  Rule 60(b) motions "are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).  Under Rule 60(b)(1), a court may relieve a party from a final judgment on the ground of mistake, inadvertence, surprise, or excusable neglect.  Where, however, "a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect."  *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004)

(internal quotation marks omitted).  In addition, Rule 60(b)(6) provides that relief from a final judgment may be granted for "any other reason that justifies relief."  Relief under Rule 60(b)(6) is proper only in cases of extraordinary circumstances or extreme hardship.  *See United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977).  The burden of proof is on the party seeking relief from the judgment.  *See Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  In exercising their discretion on a Rule 60(b) motion, courts often take into account the merits of the underlying action.  *See, e.g., Snyman v. W.A. Baum Co., Inc.*, 360 F. App'x 251, 254 (2d Cir. 2010); *EMI Entm't World, Inc. v. Karen Records, Inc.*, 2013 WL 2480212, at *2 (S.D.N.Y. June 10, 2013); *United States v. Billini*, 2006 WL 3457834, at *2 (S.D.N.Y. Nov.22, 2006).

In his letter requesting vacatur of the Order and Judgment, plaintiff states he "has not received the Magistrate's report and recommendation to date and is unaware of the basis for the recommendation to grant the defendants' summary judgment motion."  Plaintiff's address set forth on the letter is the same as the address to which the Clerk sent the Report and Recommendation by both regular and certified mail.  As noted, the Report and Recommendation sent by regular mail was not returned to the Clerk.  The notation "Return to Sender, Unclaimed, Unable to Forward" on the certified mail envelope indicates that the certified mail pickup notice was delivered to the correct address.  Plaintiff gives no explanation for his failure to claim the certified mail, nor does his conclusory statement that he "has not received" the Report and Recommendation refute the presumption that both the regular mailing and the certified mail pickup notice were properly delivered to plaintiff's address.  *See Hagner v. United States*, 52 S.Ct. 417, 419 (1932).  On this record, plaintiff's bare-bones assertion that he did not receive the Report and Recommendation is not sufficient to support a finding of mistake, inadvertence,

-3-

surprise, excusable neglect, diligence, or any other reason justifying relief.  The Court notes also

that plaintiff engaged in extensive discovery and submitted lengthy papers in opposition to

summary judgment, which both Magistrate Judge Dancks and this Court reviewed before

determining that summary judgment was warranted.  Thus, on this record, plaintiff's case lacks

merit.  Accordingly, the motion to vacate is denied without prejudice to a motion to reconsider as

set forth in the following paragraph.

The Court directs the Clerk to send a copy of the Report and Recommendation to plaintiff

by regular and certified mail.  If, after reading the Report and Recommendation, plaintiff believes

he has grounds to object, he should make a motion to reconsider this Memorandum-Decision and

Order.  If he moves to reconsider, plaintiff should submit with the motion: (1) an affidavit

explaining in detail why he did not timely file an objection to the Report and Recommendation,

including whether he received the Report and Recommendation by regular mail and whether he

received the certified mail pickup notice; and (2) his objections to the Report and

Recommendation.  **If plaintiff decides to make a motion to reconsider, he must make the**

**motion within 30 days of the date of this Memorandum-Decision and Order**.


It is therefore

ORDERED that the motion (Dkt. No. 109) to vacate the Order and Judgment dismissing

the action (Dkt. Nos. 106, 107) is denied **with leave to move for reconsideration within 30 days**

**of the date of this Memorandum-Decision and Order** in accordance with this decision; and it is

further

-4-

ORDERED that the Clerk of the Court is directed to send copies of the Report and

Recommendation (Dkt. No. 105) to plaintiff both by regular mail and certified mail.

IT IS SO ORDERED.

September 6, 2017
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge